## MUSSILLER v. RICE.

(City Court of New York, Special Term. May, 1909.)

1. FRAUD (§ 28*)—FRAUDULENT PURCHASE OF GOODS.

A complaint which alleges that defendant was indebted to plaintiff's assignor, that defendant gave a check aggregating the debt in payment thereof as an inducement to obtain further credit, that plaintiff's assignor, relying on defendant's statement that the check was good, extended to defendant further credit and delivered to him merchandise of a specified value, that the check was not paid, because defendant had no funds in the bank to meet it, that defendant knew at the time he gave the check that he had no funds in the bank, that he gave it with intent to defraud plaintiff's assignor, and that plaintiff's assignor was injured in a specified amount, states a cause of action for deceit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 8, 26; Dec. Dig. § 28.*]

2. FRAUD (§ 3*)—ELEMENTS.

The elements of actionable fraud are representations, falsity, knowledge, deception, and injury.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 1; Dec. Dig. § 3.* For other definitions, see Words and Phrases, vol. 3, pp. 2943–2954; vol. 8, p. 7666.]

3. ARREST (§ 29*)—ARREST IN CIVIL ACTIONS—AFFIDAVIT—SUFFICIENCY.

An affidavit for order of arrest in a civil action for fraud, which avers facts showing that property has been parted with by reason of defendant's false representations, is sufficient, under Code Civ. Proc. § 549, defining when a defendant may be arrested in a civil action.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 66; Dec. Dig. § 29.*]

4. ARREST (§ 35*)—ARREST IN CIVIL ACTIONS—COMPLAINT—SUFFICIENCY.

Where a complaint states a cause of action for fraud, and the affidavit for order of arrest issued avers facts showing that property has been parted with by reason of defendant's false representations, an amended complaint is not necessary, within Code Civ. Proc. § 558, authorizing the service of an amended complaint where an order of arrest has been granted.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 85; Dec. Dig. § 35.*]

5. ARREST (§ 33*)—ARREST IN CIVIL ACTION—ORDER—SUFFICIENCY.

An order for arrest of defendant in an action for fraud, which states the ground as "fraud and representations in inducing plaintiff to enter into a sale and delivery of merchandise," is sufficient, though it was plaintiff's assignor who was induced to sell and deliver merchandise; the omission of the word "assignor" being a clerical error.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 76; Dec. Dig. § 33.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. Arrest (§ 33*) — Arrest in Civil Action—Order—Sufficiency—Recitals as to Undertaking.**

Where an undertaking in proper form was attached to the order of arrest of defendant in a civil action, and it appeared that the undertaking had been approved as to form and sufficiency by the justice who signed and allowed the order, the order of arrest sufficiently showed that plaintiff had given an undertaking as required by law.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 76; Dec. Dig. § 33.*]

Action by Frederick C. Mussiller against Henry Rice. Application for an order vacating the order of arrest of defendant denied.

Henry A. Heiser, for plaintiff.
Rosenbluth & Silverman, for defendant.

FINELITE, J. Defendant makes application for an order vacating the order of arrest granted in this action on the following grounds: First, that no order of arrest is alleged in the complaint; second, that no ground of arrest is alleged in the affidavits; third, that the complaint fails to set forth a sufficient cause of action, as required by section 549 of the Code of Civil Procedure, and no amended complaint has been served or made, as required by section 558 of the Code of Civil Procedure; fourth, that the ground of arrest is not stated in the order of arrest; fifth, that the order of arrest does not contain an allegation that the plaintiff has given an undertaking as required by law.

The court is of the opinion that the complaint by proper allegations sets forth a cause of action sounding in tort. It sets forth that on July 12, 1907, defendant was indebted to plaintiff's assignor $220.16; that defendant gave two checks aggregating that sum in payment of said indebtedness as an inducement to obtain further credit under an arranged plan; that further credit would be extended to defendant by plaintiff's assignor, upon said assignor receiving payment for goods previously pruchased; that plaintiff's assignor, relying upon defendant's statements that said two checks were good, and that there were sufficient funds in the bank to pay them, did upon defendant's request extend to defendant further credit, and did deliver merchandise of the agreed value of $339.18; that said checks were presented, and payment was refused by the bank upon which they were drawn, for the reason that there were no funds to the credit of the defendant in said bank, his account having been closed; that the said defendant knew at the time he gave said checks that there were in the bank no funds to meet them, and that they were given with the intent to deceive and defraud plaintiff's assignor, so as to gain additional credit; that said plaintiff's assignor relied upon defendant's statements as to the genuineness of said checks, and by reason thereof extended credit to the defendant, and by reason of said statements the said assignor was injured to the extent of $579.34; that said claim was assigned to plaintiff, and payment of same was demanded, but refused. Thus it can be seen that this complaint contains the necessary allegations to maintain an action for fraud and deceit, and the five elements necessary for

the maintenance thereof are here set forth, to wit, representation, falsity, scienter, deception, and injury.

To support an action for false representations, the damages must have been caused thereby. That damages flowed by reason of the falsity of said representations relative to the checks can be seen from said complaint. The affidavits and the complaint are replete with facts showing that property had been parted with by reason of defendant's false representations, and therefrom can be gleaned sufficient to meet the requirements of section 549 of the Code of Civil Procedure. That being the fact, no amended complaint is made necessary within the purview of section 558 of the Code of Civil Procedure. Thus the court believes that the first, second, and third grounds for vacating the order of arrest are untenable.

As to the fourth objection, the court is of the opinion that a sufficient ground is stated in said order for the arrest of the defendant; the ground being "fraud and misrepresentations in inducing plaintiff to enter into a sale and delivery of merchandise." Of course, it was not exactly the plaintiff who was induced, etc., but his assignor, and the attorney for plaintiff explains that the word "assignor" was omitted after the word "plaintiff's" by reason of a clerical error, which explanation the court believes sufficient, and the omission thereof does not warrant vacating said order of arrest.

An undertaking in proper form is attached to the order of arrest, and same was approved as to form and sufficiency by the justice who signed and allowed the order of arrest, that being all that was necessary; and it seems to the court that the fifth ground must also fall, and that the motion to vacate the order of arrest upon all the grounds stated be denied.

Motion denied. Submit order.